DAVID A. YUDELSON (SBN 325316)
dyudelson@constangy.com
NATALIE TORBATI MEINHARDT (SBN 301663)
ntorbati@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: 310.909.7775
Facsimile:  424.465-6630

JASMINE L. ANDERSON (SBN 252973)
janderson@constangy.com
601 Montgomery Street, Suite 350
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
San Francisco, CA 94111
Telephone: (415) 918-3000
Facsimile: (415) 918-3034

Attorneys for Defendant
STRATEGIC MATERIALS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLGIM MORALES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STRATEGIC MATERIALS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  2:22-cv-1723<br><br>[Removal from Superior Court of California, Los Angeles County Case No. 22STCV04745]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Complaint Filed: February 7, 2022 |

1

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF WILLGIM MORALES AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant STRATEGIC MATERIALS, INC. ("Strategic") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, and 1446 because of the diversity of citizenship between the parties and the presence of a federal question.

In compliance with 28 U.S.C. section 1446(a), Strategic asserts the following grounds for removal:

**Pleadings, Process, Orders, and Timeliness of Removal**

1. On or about February 7, 2022, Plaintiff Willgim Morales ("Plaintiff") commenced an action against Strategic by filing a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Willgim Morales v. Strategic Materials, Inc.,* Case No. 22STCV04745, (the "State Court Action"). A copy of the Summons, Complaint, Civil Case Cover Sheet, and all Court orders of record filed and/or processed in the State Court Action are attached hereto as **Exhibits 1 through 10** to the Declaration of David A. Yudelson (the "DAY Decl."). The State Court Action purports to state one claim for relief under the Fair Credit Reporting Act ("FCRA") for an alleged violation of 15 U.S.C. §§ 1681b(b)(2)(A).

2. No earlier than February 15, 2022, Strategic's registered agent received the Service of Process Notice. (DAY Decl., **Ex. 1** at p. 42; **Ex. 2**).

3. On March 11, 2022, Strategic's Answer was filed in the State Court Action. (DAY Decl. **Ex. 3**).

4. To Strategic's knowledge, the documents contained in **Exhibits 1-10** constitute all of the state court pleadings, process, and orders to date.

5. This Notice is timely filed in that it is filed within 30 days of the first service of the Summons and Complaint on Strategic. 28 U.S.C. § 1446(b). Strategic will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice with the clerk of the Superior Court of the

NOTICE OF REMOVAL

State of California in and for the County of Los Angeles, as further required by that statute.

**Federal Question and Diversity Jurisdiction**

6.     This is a civil action of which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332 in that it is a civil action involving a federal question, complete diversity of citizenship, and the amount in controversy is more likely than not to exceed the sum of $75,000, exclusive of interests and costs.

### I.     Federal Question Jurisdiction

7.     This Court has original jurisdiction under 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States. Specifically, Plaintiff alleges that the background disclosures he received violated various requirements of the FCRA, 15 U.S.C. §§ 1681 et seq. This Action is therefore removable under 28 U.S.C. § 1441.

### II.     Diversity Jurisdiction

***Plaintiff is a California Citizen and Strategic is a Citizen of Delaware and Texas***

8.     Plaintiff carefully alleges only that he was employed in the State of California.  (DAY Decl. **Ex. 1** at p. 10, Compl. at ¶ 6). Plaintiff is, upon information and belief, also a citizen of California.

9.     To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828 (1989). The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain indefinitely or permanently, or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Owens v. Huntling,* 115 F.2d 160, 162 (9th Cir.1940). Domicile is evaluated using a number of factors, none of which are dispositive, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile

registration, and payment of taxes." *Bermudez v. J.C. Penney Co.*, No. CV 10-6998 PA, 2010 WL 3912223, at *1 (C.D. Cal. Oct. 5, 2010) (quoting *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir.1986)). "The existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed, and a person's old domicile is not lost until a new one is acquired." *Lew*, 797 F.2d at 749–50.

10.    Plaintiff is a citizen of California, and has not disputed that fact. Plaintiff attended high school and college in California, and since graduating, Plaintiff has never resided outside of California. (DAY Decl., **Ex. 11**, Declaration of Kendall Lasseigne ("Lasseigne Decl.") at pp. 65-67, ¶¶ 7-8; Lasseigne Decl. Exs. B and C). When seeking employment with Strategic, Plaintiff represented that for the last several years he has only lived in California, and has never identified a residence or domicile in any State other than California at any time. (*Id.*) Plaintiff prepared tax forms for submittal by Strategic to the State of California. (Lasseigne Decl. Ex. C). To the best of Strategic's present knowledge, and based on the facts reasonably available to Strategic, Plaintiff has never declared or manifested an intent to have a domicile anywhere other than California. (Lasseigne Decl. Ex. D, Plaintiff's final paycheck mailed to Los Angeles address).

11.    28 U.S.C. § 1332(c)(1) provides that corporations are deemed a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C.A. § 1332 (c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (stating same).

12.    The Complaint correctly alleges that Strategic is a Delaware corporation. (DAY Decl. **Ex. 1** at p. 10, Compl. at ¶ 7). As of the filing of this lawsuit, Strategic is still a Delaware corporation, and its principal place of business and corporate headquarters are located in Houston, Texas. (DAY Decl. **Ex. 11**, Lasseigne Decl. at pp.64-65, ¶¶ 1-5; Lasseigne Decl. Ex. A). Strategic was not and is not a citizen of the State of California. (*Id.*). Thus, under 28 U.S.C. § 1332(a), Plaintiff and Strategic are "citizens of different States."

13.    The defendants named in the Complaint as "Does 1 thru 50" are fictitious. Unnamed defendants sued as "Does" are not required to join in a removal petition and their citizenship is disregarded for purposes of removal.    28 U.S.C. § 1441(a) and 1447(e); *Soliman v. Phillip Morris Inc.*, 311 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes"); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

### *The Amount in Controversy Exceeds $75,000.00*

14.    Removal is proper if, from the allegations in the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.00.    *Sanchez v Monument Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. §1446(a)). And, "[s]ection 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'— terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)." *Dart*, 574 U.S. at 87.

15.    In determining whether the jurisdictional minimum is met, courts consider the aggregate of all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  Where a specific amount of damages is not alleged with respect to each claim, Strategic must show that it is more likely than not that the amount in controversy exceeds the statutory minimum. *Sanchez v. Monumental Life Insurance Co.,* 102 F.3d 398 (9th Cir. 1996). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924–25 (9th Cir. 2019) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

NOTICE OF REMOVAL

jurisdictional threshold"); *Williams v. Warner Music Grp. Corp.*, 782 F. App'x 652, 653 (9th Cir. 2019). The amount in controversy is only "an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Arias,* 936 F.3d at 927 ("[T]he amount in controversy includes all amounts 'at stake' in the litigation at the time of removal, 'whatever the likelihood that [the plaintiff] will actually recover them'") (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)). In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including compensatory damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Here, the aggregate of different types of relief Plaintiff seeks far exceeds the jurisdictional minimum.

16.     Plaintiff in this action seeks class action certification on behalf of a class that is defined to include:

> All of Defendants' current former and prospective applicants for employment in the United States who applied for a job with Defendants for whom a background check was performed at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

(DAY Decl. **Ex. 1** at p. 11, Compl. at ¶ 12).

On behalf of this putative class, Plaintiff seeks statutory penalties, punitive damages, costs of suit, and attorneys' fees. (DAY Decl. **Ex. 1** at p. 18, Compl., Prayer for Relief).

17.     Statutory penalties for the willful violation of the FCRA that Plaintiff alleges range from "not less than $100 and not more than $1,000", which are awardable

6

as to each "consumer." (DAY Decl. **Ex. 1** at p. 15, Compl. at ¶¶ 23-37; 15 U.S.C § 1681n(a)(1)(A).) Plaintiff alleges that every putative FCRA Class member is a "consumer," within the meaning of the FCRA, who all received a disclosure that violated the FCRA, triggering the penalty provision of the FCRA, and punitive damages for alleged "willfulness." (DAY Decl. **Ex. 1** at pp. 11-13, 15-17, Compl. ¶¶ 11-22, 26-37).

18.    Although the normal rule is that multiple plaintiffs "who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement," the claims of class members can be aggregated to meet the jurisdictional amount requirement  "when they unite to enforce a single title or right in which they have a common and undivided interest." *Urbino v. Orkin Servs. of California, Inc*., 726 F.3d 1118, 1122 (9th Cir. 2013) (citations omitted). In this case, because Plaintiff pleads a single right to be vindicated —for the same alleged violations of FCRA's disclosures received by every putative member of the "FCRA Class" — aggregation is warranted here.

19.    In this case, there are estimated to be more than 76 putative members of the "FCRA Class," as defined in the Complaint. (DAY Decl. **Ex. 11**, Lasseigne Decl. at ¶ 9). Thus, that alone puts more than $75,000.00 "at stake" in this case. *Lewis*, 627 F.3d at 400; *Arias*, 936 F.3d at 927; *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

20.    Plaintiff also seeks attorneys' fees in this case fees, which are included in the amount in controversy. (DAY Decl. **Ex. 1** at p. 18, Compl., Prayer for Relief, ¶ I.); Hunt, 432 U.S. at 333; *Galt*, 142 F.3d at 1155-56. Additionally, "[w]here the law entitles the prevailing party to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Soriano v. LendingTree, LLC*, No. 17-CV-07078-MMC, 2018 WL 1788456, at *2 (N.D. Cal. Apr. 16, 2018).

21.    Following its 2018 decision in *Chavez,* the Ninth Circuit further clarified

NOTICE OF REMOVAL

the rule for calculating attorneys' when determining the amount in controversy, explaining "in light of *Chavez* and our precedents, [ ] a court *must* include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794-95 (9th Cir. 2018) (emphasis added). Last month, the Ninth Circuit reiterated its holding from *Fritsch* in *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019), stating that, "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Id*. at 922 (citing *Fritsch*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chen v. United Talent Agency, LLC*, No. CV 17-1848 PA (EX), 2017 WL 946642, at *1 (C.D. Cal. Mar. 10, 2017) ("The amount in controversy requirement excludes 'interest and costs,' and therefore attorneys' fees are included in the calculation of the amount in controversy." (citing 28 U.S.C. § 1332(a)).

22.    Notably, in other recent FCRA cases also led by Plaintiff's counsel from this case, attorneys' fee requests on motions for preliminary settlement approval have often alone far exceeded the jurisdictional threshold. *See, e.g. ,Schofield v. Delta Air Lines, Inc.,* No. 18-CV-00382-EMC, 2019 WL 955288, at *5 (N.D. Cal. Feb. 27, 2019) ($575,000 attorneys fee request); *Burnthorne-Martinez v. Sephora USA, Inc*., No. 4:16-CV-02843-YGR, 2018 WL 5310833, at *3 (N.D. Cal. May 16, 2018) ($250,000 fee request); *Esomonu v. Omnicare, Inc*., No. 15-CV-02003-HSG, 2018 WL 3995854, at *2 (N.D. Cal. Aug. 21, 2018) (representing on motion for preliminary approval that attorneys' fees application would not exceed $433,333.33, and costs and expenses not to exceed $40,000").

23.    In this case, when requesting the Action be designated for California's "complex" court treatment, Plaintiff represented that this case is expected to involve "a large number of separately represented parties, extensive motion practice, a substantial amount of documentary evidence," and "a large number of witnesses." (DAY Decl., **Ex. 1** at p. 3, Civil Case Cover Sheet). When assessing the amount in controversy, the

8

Court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (explaining that although fee estimations "should be conservative estimates, the Court can determine from experience that an award of attorneys' fees alone will satisfy the amount in controversy requirement."

24.    Plaintiff also seeks punitive damages in his Complaint, and, "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Amado v. US Bancorp*, No. SACV1500871JLSDFMX, 2015 WL 5618877, at *2 (C.D. Cal. Sept. 24, 2015) (citations omitted). Plaintiff's action is brought pursuant to the FCRA's punitive damages provision for "statutory penalties" and "punitive damages." (DAY Decl. **Ex. 1** at p. 17, Compl. at ¶ 36).

25.    Strategic denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal Strategic does not waive any defenses that may otherwise be available to it. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in dispute in this matter exceeds $75,000.00, exclusive of interest and costs.

### Venue

26.    Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes Los Angeles County, California, where the state court action was filed and is pending.

### COMPLIANCE WITH 28 U.S.C. § 1446

27.    No previous application has been made for the relief requested herein.

28.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the State Court Action, including the Summons, Complaint, Civil Case Cover Sheet, Answer, Court orders and Proofs of Service of

Summons are filed and attached with this Notice of Removal as Exhibits 1-10 to DAY Decl.

29.     Defendant shall promptly serve Plaintiff with this Notice of Removal and shall promptly file a copy of this Notice of Removal with the Clerk of the state court in which the removed action has been pending, pursuant to 28 U.S.C. §1446(d).

30.     By filing this Notice of Removal, Defendant does not waive any defenses which may be available.

WHEREFORE:     For     all     of     the     foregoing     reasons, Strategic respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1331, 1332, and 1441(b), and prays that this action stand and remain removed from the Superior Court to this Court.

Dated: March 15, 2022     **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By:     /s/ David A. Yudelson
        David A. Yudelson
        Jasmine L. Anderson
        Natalie Torbati Meinhardt
        Attorneys for Defendants
        STRATEGIC MATERIALS, INC.

NOTICE OF REMOVAL